[No. 4063.]

## OCEAN ACCIDENT AND GUARANTEE CORPORATION. LTD. V. JOSLIN DRY GOODS COMPANY.

1. APPEAL AND ERROR—*Finding Against Evidence Disregarded.* A policy of insurance against loss by reason of injuries to a servant, provided that where any physician other than those in the service of the insurer should be called, the insurer should be liable only for the cost of ''first aid.'' The physician employed was not in the service of the insurer, but was called at its instance. He made several visits, and charged a bill of $50.00. He testified that this was the fair value of the first visit, and there was no testimony to the contrary. The judgment was affirmed, although the judge before whom the issues were tried, without a jury, found that the value of the first aid was $25.00. (57.)

2. —— *Reasons assigned by the Trial Judge* will be disregarded if there is no error in the judgment. (57.)

*Error to Denver District Court.* HON. J. A. PERRY, Judge.

MR. JULIAN G. DICKINSON, for plaintiff in error.

MR. CHARLES A. MURRAY, for defendant in error.

HURLBUT, J., rendered the opinion of the court.
*On rehearing.*

We have carefully reviewed both the law and the facts of this case, and believe the court, in the original opinion, erred in respect to some of the statements and conclusions therein appearing. That opinion will be withdrawn, and the following substituted therefor:

The complaint in this case was filed November 12, 1912, and the purpose of the action is to recover a judgment for $50 for professional services alleged to have been rendered by Dr. Allen Harris in treating one Vaughn for a personal injury received by him while using, or taking care of, horses belonging to defendant in error. Vaughn was an employee of defendant in error (plaintiff below) at the time of the accident, and plaintiff in error became liable for necessary surgical and medical treatment required by him under the terms of a certain accident policy which had been issued by plaintiff in error to the dry goods company. The proper determination of this case hinges upon the construction of said policy.

The case was tried to the court without a jury, and judgment rendered for plaintiff in the sum of $50. Plaintiff in error contends that under the terms of the policy it was only liable to defendant in error for such surgical and medical treatment as Vaughn required immediately after the happening of the injury, commonly known as "first aid" treatment.

The whole case turns upon the construction to be given to two paragraphs found in the policy, to wit:

"(a) That the corporation will furnish through any of the corporation's doctors mentioned below all medical and surgical attention necessary to the treatment of bodily injuries suffered by any person or persons coming within the provisions of the undermentioned policy on condition that the doctor who renders first aid shall also give all subsequent treatment; and,

(b) That in all cases of accident covered by the policy where the services of any other than the corporation's doc-

tors herein named are obtained, the corporation shall only be liable for the cost of first aid, by which is meant such immediate surgical relief as may be imperative at the time of the accident."

The corporation doctors named in the policy are Dr. George F. Roehrig and Dr. Karl F. Roehrig, 242 Metropolitan Bldg., Denver, Colorado.

The complaint pleads in legal effect paragraphs "'a'" and "b" above quoted, and that plaintiff paid for and received a policy containing the same. It then recites the injury to plaintiff's employee Vaughn by plaintiff's horses, in the latter part of April, 1912. The decisive question for consideration is whether or not the charges for services rendered by Dr. Harris, for which judgment was given, were cost of "first aid" services only, or included additional charges or cost for services rendered by him subsequently to those of "first aid." It is conclusively shown by the evidence that about the time of the accident plaintiff called up, by phone, the office of the surgeons designated in the policy, for the purpose of notifying them of the accident and to obtain immediate services of one of them for the injured man; that, failing to find either in the office, plaintiff at once notified the local agent of the insurance company, Mr. Van Gilder, of the accident, and the necessity for immediate surgical attention for Vaughn; whereupon Van Gilder directed plaintiff to call some other physician or surgeon to care for the injured man, which direction plaintiff followed and called Dr. Harris to attend him; that at several different times after Van Gilder's direction to plaintiff to employ another surgeon, plaintiff notified him (Van Gilder) that Dr. Harris was attending to Vaughn, to which Van Gilder replied that it was all right.

The contention most seriously urged by plaintiff in error is that, as to the provisions of paragraphs "a" and "b" and the "indorsement clause" in the policy, the trial court misinterpreted the same; and that under no circum-

stances, under the terms of the policy as it reads, can plain-tiff recover from defendant any sum whatever in excess of the value of the medical treatment rendered as "first aid" when such services are performed by surgeons other than those mentioned in the policy. From our viewpoint of the record we do not think it necessary to decide this question, as the judgment below can and ought to be sustained upon other grounds. It is admitted by counsel that if the action is for "first aid" treatment only, and the judgment includes no other services, the judgment is right.

The undisputed evidence also shows that Dr. Harris was employed with the knowledge and consent of defendant, to attend Vaughn for his injuries, and that he did so attend him until his recovery; and that the reasonable value of such services was $50, for which amount he presented a bill to plaintiff, who paid the same. The controlling question next presenting itself is: Did such sum represent the value of "first aid" treatment only, or did it include services rendered by Dr. Harris subsequent to those of "first aid," for which a charge was made by him separate from the charge for "first aid" treatment? As to this issue, the only testimony adduced at the trial was that given by plaintiff's witness, Dr. Harris. He was cross-examined at some length by defendant's counsel, and the court propounded to him several interrogatories bearing upon such issue. The form of the interrogatories propounded by counsel for plaintiff in error would indicate that it was thereby sought to elicit from the witness testimony as to the value of the "first aid" services, as contra-distinguished from those subsequently rendered, and as to whether or not he made a specific and separate charge for each kind of service. The following is part of the testimony of the witness in that regard.

Direct examination:

"A. About two o'clock in the afternoon I received a message to see Mr. Vaughn. * * * and made a trip to see him, and examined him and found evidences of a frac-

ture of the seventh and eighth rib and the costal arch. * * * I reduced the two complete fractures of the ribs and also the fracture of the costal arch. * * * I gave him medicine to relieve his pain.

Q. Now, did you follow this up by any further attention?

A. Yes, sir. * * * I made visits after that to see him at his home.

Q. Can you approximate the number of visits you made subsequent to the first treatment?

A. Yes, I presume eight or ten visits.

Q. Now, doctor, you may state what, in your opinion, the treatment you gave this patient on the first visit and all you did there was fairly worth?

A. I think it was worth $50—the first service.

The Court: The first service?

The Witness: Yes, sir. * * * We claim it was worth it. We reduce those ribs and put them in proper position so that they will be held there; maybe they might not. It is for that we charge. We don't know, of course, how many visits we will make afterwards.

Q. If you made only one visit, and had not taken care of the patient afterwards, what would the visit have been worth?

A. $50."

Cross examination:

"A. If I had never seen the case again (after first aid treatment) I should have charged $50.

Q. You don't place it on the future treatment at all?

A. No, sir. * * * I have been trying to separate them (the bills) for twenty years of practice, but we cannot do it. * * * We make our charge $50 for the first (treatment) and then we take care of them afterwards.

Q. And for fractured ribs in charging $50 for it, you take into consideration the extent of what the after treatment would be, do you not?

A.   We do."

With no evidence to the contrary it is difficult to conclude otherwise than that the testimony quoted established the fact that Dr. Harris's charge of $50 (for which judgment was rendered) was based entirely upon the "first aid" services rendered, and his subsequent visits were included within the price charged for the same.   But counsel reminds us that the court in its findings found that the value of the "first aid" rendered by Dr. Harris was $25, and the services subsequently rendered were also of that value.   We do not attach much importance to this fact, as the findings of the court were no part of the judgment.   It was an arbitrary division by the court of the two classes of service and their respective values, which appears to be clearly against the undisputed testimony concerning that issue; and, further, it is worthy of observation that the court in the same breath suggested that it was somewhat difficult for it to state how much of the services rendered were "first aid" and how much were subsequent treatments.   We think the judgment is amply supported by the evidence; and it is not incumbent on us to concern ourselves with the reasoning indulged in by the court which led to its final conclusion and judgment. If the judgment is right, and is supported by the evidence, the remarks or reasoning of the trial judge should be disregarded.   *Little Pittsburg Con. M. Co. v. Little Chief Con. M. Co.,* 11 Colo., 223, 17 Pac., 760; *Warren v. Hall et al.,* 20 Colo., 508, 38 Pac., 767; *Painter v. Wilcox,* 52 Colo., 639, 125 Pac., 503.

The conclusions already reached by us render it unnecessary to notice other errors assigned and argued by counsel.   The judgment will be affirmed.

Decided October 13, A. D. 1914.   Rehearing denied February 8, A. D. 1915.